UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
TERRE HAUTE DIVISION

| | |
|---|---|
| ANGEL IRIZARRY-CENTENO,                         )<br>                                                                  )<br>                        Petitioner,              )<br>        vs.                                              )       Case No. 2:12-cv-088-WTL-WGH<br>                                                                  )<br>CHARLES LOCKETT, Warden,         )<br>                                                                  )<br>                        Respondent.              ) | |

**Entry Denying Petition for Writ of Habeas Corpus**

Petitioner Angel Irizarry-Centeno brings this petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241. For the reasons set forth in this Entry, the petition must be dismissed with prejudice.

**Background**

The petitioner was convicted in the United States District Court for the District of Puerto Rico of conspiracy to possess with the intent to distribute heroin and cocaine, in violation of 21 U.S.C. §§ 841 and 846. *United States v. Irizarry-Centeno*, 3:98-cr-0175-FAB-2 (D.P.R. May 3, 2000). An amended judgment was entered on July 24, 2000. He was sentenced to life imprisonment. His conviction and sentence were affirmed on direct appeal. *United States v. Irizarry-Centeno*, 29 Fed.Appx. 9 (1st Cir. Jan. 24, 2002), *cert. denied, Irizarry-Centeno v. United States*, 537 U.S. 1021 (U.S. Nov. 12, 2002) (No. 02-6705). Petitioner then filed a motion for relief pursuant to 28 U.S.C. 2255. That motion was denied. *Irizarry-Centeno v. United States,* 03-1490 (HL) (D. P.R. Nov. 10, 2004).

During the course of the criminal proceedings, the United States, pursuant to 21 U.S.C. § 851(b), submitted to the district court certified copies of judgments of convictions from the Commonwealth of Puerto Rico evidencing two prior felony drug convictions. This documentation showed that on September 4, 1992, the petitioner was convicted of the Commonwealth of Puerto Rico's controlled substance law and was sentenced to a term of imprisonment of five years, and that on July 23, 1993, petitioner was convicted of the Commonwealth of Puerto Rico's controlled substance law and was sentenced to a term of imprisonment of three years.

## Discussion

The petitioner argues that his prior convictions (committed in 1992 and 1993) were state convictions for simple felony possession, and that only one qualified as a federal felony. Therefore, he argues, the life sentence as enhanced by 21 U.S.C. § 851 was unlawful. He contends that he is actually innocent of the life sentence.

In support of his theory of innocence, the petitioner relies on *Lopez v. Gonzales*, 549 U.S. 47 (2006), which holds that conduct made a felony for mere possession under state law but a misdemeanor under the Controlled Substance Act ("CSA") is not a felony punishable for purposes of the Immigration and Nationality Act. *Id.* at 53. He also relies on *Salinas v. United States*, 547 U.S. 188 (2006), holding that a conviction for simple possession of a controlled substance is not a "controlled substance offense" within the meaning of the career offender Sentencing Guidelines 4B1.1 and 4B1.2(b) because that definition requires intent to manufacture, import, expert, distribute or dispense. *Id.*

The government asserts that petitioner's § 2241 petition is barred by the gatekeeping provisions of 2244(a) and that his claim does not fall within the scope of the "savings clause" of 28 U.S.C. § 2255(e). The petitioner responds that § 2241 is the appropriate path to relief because he had no other adequate remedy at law.

A § 2241 petition by a federal prisoner is generally limited to challenges to the execution, not the validity, of the sentence. *Valona v. United States*, 138 F.3d 693, 694 (7th Cir. 1998); *Atehortua v. Kindt*, 951 F.2d 126, 129 (7th Cir. 1991). Section 2255 is the "exclusive remedy" to challenge a federal conviction unless the "savings clause" of § 2255(e), "the remedy by motion is inadequate or ineffective to test the legality of his detention," applies. *Collins v. Holinka*, 510 F.3d 666, 667 (7th Cir. 2007). If § 2255 offers "one full and fair opportunity to contest" one's conviction, then a § 2241 petition must be dismissed under § 2255(e). *Id.* "A procedure for postconviction relief can fairly be termed inadequate when it is so configured as to deny a convicted defendant any opportunity for judicial rectification of so fundamental a defect in his conviction as having been imprisoned for a nonexistent offense." *In re Davenport,* 147 F.3d 605, 611 (7th Cir. 1998).

A "federal prisoner should be permitted to seek habeas corpus only if he had no reasonable opportunity to obtain earlier judicial correction of a fundamental defect in his conviction or sentence because the law changed after his first 2255 motion." *Hill v. Werlinger,* 695 F.3d 644, 648 (7th Cir. 2012) (internal quotation omitted). The government argues that petitioner's claim could have been brought on direct appeal and in his § 2255 motion. The petitioner responds that he did *not* have the opportunity to raise this claim on direct appeal or in his § 2255 motion because both were concluded before the *Lopez* and *Salinas* decisions were issued in 2006. He contends that these intervening Supreme Court decisions should justify this

court revisiting the issue he presents. Accordingly, the Court shall delve further into whether petitioner's § 2241 petition should be allowed to proceed.

As recently stated by the Seventh Circuit, the three conditions for the savings clause of § 2255(e) to apply are 1) "the prisoner must show that he relies on a 'statutory-interpretation case,' rather than a 'constitutional case,'" 2) "the prisoner must show that he relies on a retroactive decision that he could not have invoked in his first § 2255 motion," and 3) the "sentence enhancement . . . [must] have been a grave enough error to be deemed a miscarriage of justice corrigible therefore in a habeas corpus proceeding." *Brown v. Caraway,* 2013 WL 1920931, at *2 (7th Cir. May 10, 2013) (internal quotation omitted).

Even if for purposes of the first requirement, the Court accepts that the petitioner's argument is not based on a new rule of constitutional law, the petitioner stumbles as to the second requirement of the savings clause exception. Petitioner has not shown that he could not have brought this claim in his direct appeal or his § 2255 motion. Even if his claim were deemed novel at the time, an issue the Court need not decide, the question is whether his claim would have been "foreclosed by binding precedent." *Hill,* 695 F.3d at 648. "Only if the position is foreclosed (as distinct from not being supported by—from being, in other words, novel) by precedent is a § 2255 remedy inadequate." *Id.* (internal quotation omitted). Petitioner also cannot satisfy the third requirement. The sentencing enhancement in this case was not the result of any error, much less "grave enough error to be deemed a miscarriage of justice." *Brown,* 2013 WL 1920931, at *2.

Even if the petitioner could show the applicability of the savings clause, his claim would fail on the merits. As pointed out by the government, the petitioner has confused the requirements for being sentenced as a career offender under the Sentencing Guidelines (as

discussed in *Lopez* and *Salinas*) with the mandatory life sentence enhancement under 21 U.S.C. §§ 841 and 851. In this case, the petitioner had been convicted of two prior felony drug offenses and his sentence was enhanced pursuant to 21 U.S.C. § 851.

"[T]he mandatory life sentence applies when a defendant convicted under § 841(a) has two or more prior 'felony drug offense[s].' 21 U.S.C. § 841(b)(1)(A)." *United States v. Strahan,* 565 F.3d 1047, 1053 (7th Cir. 2009) (the career offender Sentencing Guidelines have a separate standard than the § 851 notice requirements for application of the statutory minimum life sentence). The term "felony drug offense" is defined as "an offense that is punishable by imprisonment for more than one year under any law of the United States or of a State or foreign country that prohibits or restricts conduct relating to narcotic drugs, marihuana, anabolic steroids, or depressant or stimulant substances." 21 U.S.C. § 802(44). Unlike the definition of a "controlled substance offense" within the meaning of the career offender Sentencing Guidelines, for purposes of sentence enhancement under §§ 841 and 851, there is no requirement of an intent to distribute. *See United States v. Jackson,* 419 Fed.Appx. 666, 672 (7th Cir. April 19, 2011) (Illinois felony of simple possession of crack constituted a felony drug offense for purposes of § 841); *United States v. Rosales,* 516 F.3d 749, 758 (9th Cir. 2008) (state conviction for simple possession of illegal drugs qualifies as a felony drug offense for §841 enhancement) (citing other cases); *Ford v. United States*, No. 12-cv-2090, 2012 WL 2370678 (C.D. Ill. June 21, 2012) (simple felony possession of controlled substance under Illinois law was properly deemed a felony drug offense for purposes of sentence enhancement under § 841(b)); *United States v. Brown,* 1:06-cr-23-TLS, 2011 WL 1869376, *8 (N.D.Ind. May 16, 2011) (plain language of the CSA indicates that drug offenses involving mere possession trigger § 841 enhancement).

Petitioner was not sentenced as a career offender under § 4B1.1 of the Sentencing Guidelines. *See United States v. Redmond,* 667 F.3d 863, 873 (7th Cir. 2012) ("The notice requirement of 21 U.S.C. § 851(a)(1), does not apply to charges used to establish career criminal status. Instead, the requirement that the government submit an information under § 851 applies only when enhanced penalties are imposed under 21 U.S.C. § 841(b)."). Therefore, *Lopez* and *Salinas* do not apply to the petitioner's circumstances and his claim is without merit, even if not barred by the restrictive circumstances in which a § 2241 petition can be used to challenge a sentence enhancement.

## Conclusion

The petitioner cannot circumvent the restriction on filing successive § 2255 motions by filing a § 2241 petition. He has failed to overcome the hurdle of the "savings clause" of 28 U.S.C. § 2255(e). Therefore, the action must be dismissed with prejudice. Judgment consistent with this Entry shall now issue.

**IT IS SO ORDERED.**

Date: 07/15/2013

Distribution:

Angel Irizarry-Centeno
No. 17035-069
Terre Haute – USP
Inmate Mail/Parcels
P.O. Box 33
Terre Haute, IN 47808

Electronically registered counsel

_____
Hon. William T. Lawrence, Judge
United States District Court
Southern District of Indiana